UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOANNE CASTAGNA,                                                        :
:
:
Plaintiff,                                    :
:          22-CV-3503 (JMF)
-v-                                               :
:          MEMORANDUM OPINION
CHRISTINE WORMUTH, et al.,                                              :          AND ORDER
:
Defendant.                                    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  Plaintiff JoAnne Castagna, who works at the United States Army Corps of Engineers ("Corps"), brings claims against Christine Wormuth, Secretary of the Army, and two Corps employees (together, "Defendants") under the Americans with Disabilities Act of 1990, the New York State Human Rights Law, and the New York City Human Rights Law, alleging that the Corps discriminated against her on the basis of disability.  *See* ECF No. 24.  Defendants move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss.  *See* ECF No. 16.

  Upon review of the parties' motion papers, the Court GRANTS the motion to dismiss on the ground that "Section 501 of the Rehabilitation Act provides the exclusive route by which federal employees may raise claims of employment discrimination on the basis of disability." *Nadel v. Shinseki*, 57 F. Supp. 3d 288, 295 (S.D.N.Y. 2014); *accord Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998).  Notably, Castagna does not dispute that proposition in her opposition to Defendants' motion.  *See* ECF No. 30 ("Pl.'s Opp'n").  Instead, citing *Quadir v. New York State Department of Labor*, 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014); *Moultrie v. Potter*, No. 04-CV-6887 (RCC) (GWG), 2006 WL 1495234, at *4 (S.D.N.Y. May 31, 2006); and *Veldran v. DeJoy*,

839 F. App'x 577, 578 (2d Cir. 2021) (summary order), she contends that the Court "can and, respectfully, should construe [her] ADA claims as Rehabilitation Act claims."  Pl.'s Opp'n 2-3.  But all three of these cases involved *pro se* plaintiffs who were thus entitled to special solicitude.  *See, e.g.*, *Quadir*, 39 F. Supp. 3d at 537 ("If the complaint is read with special solicitude so as to raise the strongest possible legal arguments on the facts as alleged, . . . it may state a claim under the Rehabilitation Act . . . .").  Castagna, who is represented by counsel, is not so entitled.  Moreover, Castagna had an opportunity to amend, and did amend, her complaint in response to Defendants' motion, yet inexplicably failed to address this fundamental and undisputed defect in her claims.  *See* ECF No. 19.  Accordingly, the Court declines Castagna's request to construe her claims as Rehabilitation Act claims and GRANTS Defendants' motion on that basis.

The parties are ORDERED to appear for oral argument on the question of whether the Court should (1) grant Castagna leave to amend all of her claims; (2) grant her leave to amend only a subset of her claims (e.g., her claims for sick leave discrimination); or (3) deny her leave to amend altogether.  Oral argument will be held **in person** on **March 24, 2023**, at **3:30 p.m.**, in **Courtroom 1105** of the **Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007**.  In aid of oral argument, no later than **March 3, 2023**, the parties shall file a copy of Castagna's Equal Employment Opportunity claim, which does not appear to be part of the current record.

The Clerk of Court is directed to terminate ECF No. 16.

SO ORDERED.

Dated: February 27, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge